UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 16-192-DLB

KATINA MICHELLE SMITH                                                                 PLAINTIFF

vs.                         **MEMORANDUM OPINION & ORDER**

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                                       DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, hereby affirms the decision of the Commissioner.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 2013, Plaintiff Katina Michelle Smith applied for Disability Insurance Benefits ("DIB"), alleging disability beginning on October 15, 2010. (Tr. 22, 233). Specifically, Plaintiff alleged that she is unable to work due to knee problems, nerves, asthma, and high blood pressure. (Tr. 237).

Plaintiff's application was denied initially and again on reconsideration. (Tr. 119, 129). At Plaintiff's request, an administrative hearing was conducted on June 2, 2015, before Administrative Law Judge ("ALJ") Marjorie Panter. (Tr. 46-86). On July 27, 2015, ALJ Panter ruled that Plaintiff was not entitled to disability benefits. (Tr. 19-45). This decision became final when the Appeals Council denied Plaintiff's request for review on

1

July 11, 2016. (Tr. 1-7). Plaintiff filed the instant action on September 6, 2016. (Doc. # 1). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 7 and 10).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the court is required to affirm the Commissioner's decision, as long as it is supported by substantial evidence, even if it might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

To determine disability, the ALJ conducts a five-step analysis. Step One considers whether the claimant can still perform substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe;" Step Three, whether

the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform her past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner to identify "jobs in the economy that accommodate [Plaintiff's] residual functional capacity." *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B. The ALJ's Determination**

At Step One, the ALJ found that Plaintiff did not engage in substantial gainful activity from her alleged onset date of October 15, 2010 through her date last insured, December 31, 2014. (Tr. 24). At Step Two, the ALJ determined that Plaintiff has the following severe impairments: knee problem (disorder of muscle, ligament, and fascia), asthma, anxiety, and depression. (Tr. 24). At Step Three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 25).

At Step Four, the ALJ found that Plaintiff possesses the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with the following limitations:

> [The claimant] is limited to work requiring no operation of foot controls using the left lower extremity; no more than occasional climbing of ramps or stairs; no climbing of ladders, ropes, or scaffolds; no more than frequent bending or more than occasional kneeling, crouching, or crawling. The claimant should avoid concentrated exposure to wetness, dust, odors, fumes, or pulmonary irritants. The claimant is limited to occasional contact with supervisors, coworkers, and the public, and workplace changes should occur only occasionally and be introduced gradually.

(Tr. 26-27). Based upon this RFC, the ALJ concluded that Plaintiff was not able to perform past relevant work. (Tr. 38). Accordingly, the ALJ proceeded to Step Five, and found that considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 38-39). Therefore, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date through the date of the decision. (Tr. 39).

### C. Analysis

Plaintiff alleges two errors in the hearing decision and asks this Court to reverse the disability determination. Specifically, Plaintiff argues that the ALJ erred in failing to give great consideration to Plaintiff's own testimony and erroneously attempted to erode Plaintiff's credibility, and that the ALJ's determination is not supported by substantial evidence. (Doc. # 7-1 at 2).

#### *1. The ALJ did not err in assessing Plaintiff's credibility.*

When a claimant's complaints regarding the intensity and persistence of her symptoms are unsupported by objective medical evidence, the ALJ must make a credibility determination "based on a consideration of the entire case record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (July 2, 1996)). "The entire case record includes any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record." *Id.* Consistency between the claimant's complaints and the case record supports claimant's credibility while "inconsistency, although not necessarily defeating, should have the opposite effect." *Id.* at 247.

4

Once the ALJ makes a credibility determination, the ALJ must explain his or her decision with enough specificity "to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for the weight." *Id.* at 248 (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *2 (Dec. 2, 1996)); *see also* 20 C.F.R. § 404.1529. Blanket assertions that the claimant is not believable will not suffice, nor will credibility explanations "which are not consistent with the entire record and the weight of the relevant evidence." *Id.* Reviewing courts must give great weight and deference to the ALJ's credibility determination. *Id.*

Plaintiff claims that the ALJ erred in discounting her credibility because there are "clearly objective medical findings to support [her] statements of impairment." (Doc. # 7-1 at 15). She complains that the ALJ "wants to make credibility issues out of contradictions in the record, but the record has been built over a period of years when people have good days and bad days," and that "[m]aybe if each impairment occurred in singularity, she would not be credible, but all the impairments existing together is a pile on." *Id.* Plaintiff does not directly address the inconsistencies that caused the ALJ to discredit her believability. The record reflects that those inconsistencies exist, and thus, there is substantial evidence to support the ALJ's credibility determination.

At Step Four, the ALJ engaged in a thorough analysis of Plaintiff's credibility. The ALJ noted that "claimant's credibility is eroded due to inconsistencies in the record." (Tr. 35). A number of those inconsistencies are based on Plaintiff's failure to seek treatment. An "individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the

5

individual is not following the treatment as prescribed and there are no good reasons for this failure." Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *7 (July 2, 196).

First, the ALJ noted an inconsistency with Plaintiff's description of her pain:

> [Claimant] alleges disabling pain but admitted that she only uses narcotic pain medication once weekly due to side effects of itching. However, the record fails to show any complaints to her physician regarding this likely short-term reaction and she continued to be prescribed the same amount of medication each month. While she has undergone several knee procedures, she has apparently been resistive to required physical therapy and home exercise recommendations[.]

(Tr. 35). The ALJ also noted inconsistencies regarding Plaintiff's description of her asthma symptoms:

> [I]n [claimant's] conversation with consultant Williams, she stated that while she cannot run or perform strenuous activity, "her asthma does not affect her general day-to-day activities." … It is particularly interesting that [claimaint] has vehemently denied smoking; however, in an office note from the Women's Health Association, dated October 30, 2013, smoking status was described as "some day smoker."

(Tr. 36) (internal citations omitted). Next, the ALJ questioned Plaintiff's description of the limiting effects of her anxiety: "claimant stated that she suffers from anxiety yet admitted she was not seeing a mental health professional for management of her symptoms." *Id.* Finally, the ALJ observed that "[c]ontrary to her hearing testimony, the claimant told Dr. Rigby that she is sometimes able to cook and is able to drive." *Id.* (internal citations omitted).

Weighing these inconsistencies, the ALJ determined that Plaintiff's statements regarding the intensity, frequency, and limiting effects of her symptoms were not entirely credible. Having reviewed the ALJ's credibility assessment, which thoughtfully detailed the inconsistencies between Plaintiff's claims and the medical evidence, the Court finds no error.

6

### *2. The ALJ's RFC determination is supported by substantial evidence.*

An RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." Soc. Sec. Rul. 96-8p, 61 Fed. Reg. 34474-01 (Jul. 2, 1996). Stated another way, the RFC is "what an individual can still do despite his or her limitations." *Id.* "In assessing the total limiting effects of [the claimant's] impairment(s) and any related symptoms, [the ALJ] will consider all of the medical and nonmedical evidence" in the record. 20 C.F.R. § 404.1545(e). The ALJ is only required to incorporate those limitations that she finds credible in the RFC assessment. *Irvin v. Social Sec. Admin.*, 573 F. App'x 498, 502 (6th Cir. 2014) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Here, Plaintiff first claims that the ALJ failed to consider obesity in determining her RFC. (Doc. # 7-1 at 15). The record belies this assertion. The ALJ specifically noted that she "must assess the impact obesity has on the claimant's impairment and overall functional capacity." (Tr. 33). She further explained:

> While obesity in and of itself generally cannot be determinative of disability, the regulations state that obesity is a medically determinable impairment that is often associated with disturbance of the musculoskeletal, respiratory, and cardiovascular system, and disturbance of these systems can be a major cause of disability in individuals with obesity. The combined effects of obesity with the noted impairments can be greater than the effects of each of the impairments considered separately.

*Id.* Thus, the ALJ did consider obesity when she determined Plaintiff's RFC, and Plaintiff's claim is without merit.

Next, Plaintiff broadly asserts that "[w]hen the record in this case is considered in its entirety, the combined effects of [her] physical and mental impairments, reflect that she could not perform a wide range of even sedentary work on a regular and sustained basis." (Doc. # 7-1 at 16). But it does not matter if Plaintiff believes that substantial evidence supports a different disability determination. This Court must affirm the ALJ's decision as long as it is supported by substantial evidence. In this case, it is.

At Step Four of the analysis, the ALJ carefully reviewed the full record and found that Plaintiff was capable of doing sedentary work with the limitations specified. (Tr. 26-27). She carefully went through each of Plaintiff's impairments and described why they were not disabling considered in light of the medical evidence in the record. (Tr. 27-35). The ALJ also considered Plaintiff's subjective complaints, and discounted them to the extent that they lacked credibility. (Tr. 35-37). Finally, the ALJ addressed the opinion testimony and medical reports that were not consistent with the record as a whole. (Tr. 37-38). The ALJ properly weighed all of the evidence from the entire record, and carefully explained the reasons for her decision. Because substantial evidence supports the ALJ's determination that Plaintiff was not disabled, this Court must affirm the decision.

### III. CONCLUSION

For the reasons stated herein, the Court concludes that the ALJ's finding that Plaintiff was not disabled was supported by substantial evidence.

Accordingly, **IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 7) is **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 10) is **GRANTED**; and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 14th day of April, 2017.



Signed By:
*David L. Bunning*
United States District Judge

k:\data\socialsecurity\moos\london\16-192 moo.docx